UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   VIVIANA M. RICARDO,
                          Plaintiff,

                -against-                       24 Civ. 886 (LGS)

   JOSE RODRIGUEZ ORTIZ, et al.,              **ORDER**
                         Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendants filed a Notice of Removal on February 9, 2024, and removed this action from state court pursuant to the Court's diversity jurisdiction;

      WHEREAS, the federal courts are courts of limited jurisdiction and "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1);

      WHEREAS, diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000);[1]

      WHEREAS, "the party invoking federal jurisdiction" bears the burden of "establish[ing] the existence of diversity jurisdiction." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019);

      WHEREAS, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

place of business."  28 U.S.C. § 1332(c)(1);

WHEREAS, a limited liability company ("LLC") generally takes the citizenship of each of its members for the purposes of diversity jurisdiction.  *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012);

WHEREAS, diversity jurisdiction "is unavailable when a party fails to allege both a corporation's state of incorporation and its principal place of business." *Elzoghary v. Zelaya-Monge*, No. 23 Civ. 5353, 2023 WL 6121800, at *4 (E.D.N.Y. Sept. 19, 2023);

WHEREAS, complete diversity also is not established where the notice of removal fails to allege the citizenship of each member of a party LLC.  *See Platinum-Montaur Life Scis.*, 943 F.3d at 615;

WHEREAS, it is within the Court's discretion to *sua sponte* remand a case to state court where the party seeking removal has "failed to allege complete diversity of citizenship."  *Id.* at 618; *Hines v. Azoth Inv. SPC Ltd.*, No. 21 Civ. 10309, 2022 WL 683996, at *2-3 (S.D.N.Y. Mar. 8, 2022) (*sua sponte* remanding case to state court where notice of removal failed to establish complete diversity);

WHEREAS, a district court may *sua sponte* remand a case for a procedural defect within thirty days of the filing of the Notice of Removal.  *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006);

WHEREAS, Defendants' Notice of Removal is procedurally defective.  Defendants' Notice of Removal states that Defendants "reside and maintain a business in New Jersey."  The Notice of Removal fails to plead facts showing the principal place of business and state of

incorporation of Defendant Liam J. Transport, LLC.  In addition, Defendants' Notice of Removal fails to plead facts sufficient to establish the citizenship of each member comprising Defendant Liam J. Transport, LLC.  It is hereby

**ORDERED** that the matter is remanded to state court.

The Clerk of Court is respectfully directed to close the case and to mail a certified copy of this Order to the Supreme Court of the State of New York, Bronx County pursuant to 28 U.S.C. § 1447(c).

Dated: February 21, 2024
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**